ROBERT SOLIS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-319-CV

ROBERT SOLIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

In two issues, Robert Solis complains of the trial court’s dismissal of his Rule 202 petition and resulting denial of “meaningful access to the courts.”  We reverse and remand.

II. Background

Solis claims that he received a foot injury in September 2004, while in the recreation yard in the James Allred Unit of the Texas Department of Criminal Justice-Institutional Division (“TDCJ-ID”) and was thereafter denied appropriate medical attention.  Wishing to petition for a redress of his alleged grievances resulting therefrom, he sought the identity of certain employees of the TDCJ-ID and the Texas Tech University Health Sciences Center but was unable to obtain these names.  He then filed a pleading in the trial court which, while not denominated as such, appears to be a Rule 202 petition, enumerating numerous people “entitled to notice” for “investigation of potential claim” and seeking to depose them. 
 
Tex. R. Civ. P.
 202.  The petition was later denied along with two motions for bench warrants and a motion to set the case for a hearing on the merits of Solis’s petition, and the cause was dismissed.  This appeal resulted.

III. Lack of Service

In his first issue, Solis complains that the trial court dismissed his petition, and did so without a hearing that had been requested.  The State responds that Solis never served the people he wanted to depose pursuant to the petition, so the dismissal was proper.  Rule 202.3(a) reads,

(a) 
Personal Service on Witnesses and Persons Named
.  At least 15 days before the date of the hearing on the petition, the petitioner must serve the petition and a notice of the hearing—in accordance with Rule 21a—on all persons petitioner seeks to depose and, if suit is anticipated, on all persons petitioner expects to have interests adverse to petitioner’s in the anticipated suit.

Tex. R. Civ. P. 
202.3(a).

The problem with the State’s argument is that the hearing was never set by the court, even after being requested to do so by Solis, and hence the fifteen-days-before-hearing deadline for service never came into play, particularly since the rule seems to imply that the proposed deponents will be notified simultaneously of the petition and its hearing date.  Hence, we hold that dismissing the petition for want of service was improper.
(footnote: 2) 

IV. Conclusion

Having sustained Solis’s first issue, it being thereby unnecessary to reach his second issue, we reverse and remand the trial court’s judgment for further proceedings.

BOB MCCOY

JUSTICE

PANEL B: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

CAYCE, C.J. concurs without opinion.

DELIVERED: June 29, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The order denying relief, which also dismisses the cause, does not contain grounds for the dismissal, nor is there a motion to dismiss or notice of dismissal docket in the file, and the State’s letter brief addresses only the failure-to-serve argument; hence, only that ground is addressed.